**John R. HURT**

v.

**Michael R. BRINTON and J.C. Bradford & Co.**

No. 3–88–1112.

United States District Court, M.D. Tennessee, Nashville Division.

Aug. 11, 1989.

Winston S. Evans, Evans, Jones & Reynolds, Nashville, Tenn., for plaintiff.

Jim Ritt, Asst. Gen. Counsel, J.C. Bradford & Co., Nashville, Tenn., for defendants.

## MEMORANDUM

JOHN T. NIXON, District Judge.

The Court is in receipt of the Report and Recommendation for the above-titled action, issued by the Magistrate on April 10, 1989, concerning defendants' motion to stay and compel arbitration. The Magistrate recommended that the Court deny defendants' motion to stay and compel arbitration of the plaintiff's federal securities law claims and grant defendants' motion to compel arbitration of the plaintiff's state law claims.

Plaintiff has objected to the Magistrate's recommendation to compel arbitration of the state law claims, and the defendants have objected to the Magistrate's recommendation to deny the motion to stay and compel arbitration of the federal securities claims. Under Rule 72(b) of the Federal Rules of Civil Procedure, the Court must make a *de novo* determination of all matters to which the parties object and in its discretion the Court may adopt, modify or reject any of the Magistrate's proposed findings or recommendations.

On July 19, 1989, the parties presented oral argument on their objections to the Magistrate's Report and Recommendation and on defendants' motion for a protective order and plaintiff's motion to compel discovery.

### I.

On May 21, 1987, plaintiff John Hurt and defendant J.C. Bradford & Co. [hereinafter J.C. Bradford or Bradford] entered into a Margin Agreement pertaining to the management of Hurt's securities account at J.C. Bradford. The Margin Agreement was a form document drafted by J.C. Bradford to comply with, *inter alia*, Securities and Exchange Commission Rule 15c2–2. Rule 15c2–2 provided in pertinent part that:

(a) It shall be a fraudulent, manipulative or deceptive act or practice for a broker or dealer to enter into an agreement with any public customer which purports to bind the customer to the arbitration of future disputes between them arising under the federal securities laws, or to have in effect such an agreement, pursuant to which it effects transactions with or for a customer.

17 C.F.R. § 240.15c2–2(a) (1987).

Reflecting this rule, paragraph 16 of Bradford's Margin Agreement provided that all controversies between the parties would be determined by arbitration, but that the "agreement to arbitrate does not apply to any controversy with a public customer for which a remedy may exist pursuant to an expressed or implied right to action under the federal securities laws."

Paragraph 2 of the Margin Agreement, however, provided that:

Whenever any statute shall be enacted which shall affect in any manner or be inconsistent with any of the provisions hereof, or whenever any rule or regulation shall be prescribed or promulgated by the New York Stock Exchange, the United States Securities and Exchange Commission, the Board of Governors of the Federal Reserve System and/or the Commodity Futures Trading Commission which shall affect in any manner or be inconsistent with any of the provisions hereof, the provisions of this agreement so affected shall be deemed modified or

superceded, as the case may be, by such statute, rule or regulation, and all other provisions of the agreement and the provisions as so modified or superseded, shall in all respects continue and be in full force and effect.

On October 21, 1987, the S.E.C. rescinded Rule 15c2–2. 52 Fed.Reg. 39,216 (1987). The defendants assert that the recision of Rule 15c2–2 modified the Margin Agreement so that federal securities law claims were thereafter subject to arbitration.

## II.

The Magistrate's Report and Recommendation did not consider the ability of paragraph 2 of the Margin Agreement to modify the arbitration provisions of paragraph 16. As the Court finds the relationship between paragraphs 2 and 16 to be significant for the case at hand, the Court must reject the Magistrate's Report and Recommendation in its entirety and examine the meaning of the Margin Agreement anew.

Paragraph 2 modifies the provisions of the Margin Agreement whenever any statute or rule "shall be prescribed or promulgated" which affects "in any manner" the provisions of the Agreement. A change in law may affect any of several facets of a contract provision: e.g., a change in law may affect a provision's enforceability, obsolescence, practicality, profitability, timing, wording, premises, etc. The modifying power of paragraph 2 is not limited to situations in which a change in law affects a particular facet of a provision. That is, paragraph 2's modifying power does not only apply where a change in law affects a provision's enforceability, but instead applies when a change in law affects a provision "in any manner."

The recision of rule 15c2–2 clearly affected the premise of the provision in the Margin Agreement which exempted federal securities law claims from arbitration. In fact, the recision of the rule wholly eliminated the premise upon which the exemption was based: that Bradford would be committing fraud unless it exempted federal securities law claims from its arbitration provision.

Furthermore, the "recision" of Rule 15c2–2 was sufficiently equivalent to the "prescription" or "promulgation" of a rule to trigger the modifying power of paragraph 2. When the SEC "rescinded" Rule 15c2–2 it effectively "promulgated" or "prescribed" a new rule to cancel 15c2–2's legal force.

Since the Court finds that the recision of 15c2–2 was capable of triggering the modifying power of paragraph 2 and that the recision clearly affected paragraph 16 by eliminating the premise upon which the federal claim exemption was based, the Court must finally determine how paragraph 16 was modified to reflect the elimination of its premise. When parties modify a contract provision to reflect the elimination of the provision's premises, they naturally eliminate the aspects of that provision which hinged upon those premises. Accordingly, the Court finds that the provision of paragraph 16 which exempts federal securities claims from arbitration was modified to lose all force and effect as of October 21, 1987 when Rule 15c2–2 was rescinded. The Court must therefore GRANT the defendants' motion to stay and compel arbitration of all plaintiff's claims.

In compelling arbitration of these claims, the Court follows its earlier decision in *Goldstein v. J.C. Bradford & Co.,* No. 3–88–0600 (M.D.Tenn. June 30, 1989), and the decision of Judge Meredith in *Wilkerson v. J.C. Bradford & Co.,* No. C–88–0121–BG(M), 1989 WL 96532 (W.D.Ky. April 6, 1989). The Ninth Circuit cases cited by plaintiff, *Gooding v. Shearson Lehman Bros., Inc.,* [current] Fed.Sec.L.Rep. (CCH) ¶ 94,489 (June 23, 1989); *Van Ness Townhouses v. Mar Indus. Corp.,* 862 F.2d 754 (1988); *Leicht v. Bateman, Eichler, Hill, Richards, Inc.,* 848 F.2d 130 (1988), are unpersuasive for the case at hand, since the Ninth Circuit cases did not consider the effect of modifying clauses such as the one contained in paragraph 2 of the Bradford Margin Agreement.

The Court notes that its interpretation of the Margin Agreement holds only for those Agreements, such as the one at issue, entered into before Rule 15c2–2's recision on

October 21, 1987. Parties entering into Agreements after that date could obviously not have premised their understanding on the compulsion of an already rescinded rule, but would instead be presumed to have exempted federal securities law claims from their arbitration agreements for reasons apart from the requirement of Rule 15c2–2. Furthermore, paragraph 2 of the Margin Agreement is triggered only by rules which "shall be" enacted, i.e., rules enacted after the date of Agreement, and thus the recision of 15c2–2 on October 21, 1987 is irrelevant under paragraph 2 to any Agreement entered into after that date.

For the foregoing reasons, this Court shall stay all proceedings and compel arbitration of all matters asserted herein. Accordingly, the Court hereby places this case on the Retired Docket pending arbitration of this matter.

As plaintiff's claims are to be arbitrated in their entirety, the Court finds that discovery is more properly governed by the rules of the arbitration panel before which the claims will be heard. Accordingly, the Court hereby GRANTS defendants' motion for a protective order and DENIES plaintiff's motion to compel discovery.

An Order will be entered in accordance with the reasoning set forth in the contemporaneously entered Memorandum.